# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### January 10, 2012 Session

## STATE OF TENNESSEE v. JOSEPH L. LANDS

**Direct Appeal from the Circuit Court for McNairy County**
**No. 2726     J. Weber McCraw, Judge**

_____

**No. W2011-00386-CCA-R3-CD  - Filed March 29, 2012**

_____

Defendant, Joseph L. Lands, pled guilty to vehicular homicide by intoxication, and he intended, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), to reserve the following certified question of law for appeal: "Whether proof of actual attempts by law enforcement officers to obtain a lawful warrant must be placed on the record before the court may find that exigent circumstances exist, such that the warrant requirement can be excused?"  After review of the entire record, we conclude this appeal must be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Ryan B. Feeney, Selmer, Tennessee; and Christopher F. Donovan, Memphis, for the appellant, Joseph L. Lands.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Bob Gray, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

**Procedural History**

On October 11, 2010, Defendant was charged in a seven-count indictment with the following offenses, all related to a vehicle wreck in which the victim, Steve Lawson, was killed on April 13, 2009:

Count 1:     Vehicular Homicide by Intoxication

Count 2:     Aggravated Vehicular Homicide

Count 3:     Vehicular Homicide by Reckless Conduct

Count 4:     DUI with prior DUI convictions

Count 5:     Felony DUI

Count 6:     Driving While License Suspended, Canceled, or Revoked

Count 7:     Reckless Driving

Defendant, through counsel, filed a motion to suppress evidence, including the results of a test of his blood drawn at the scene of the wreck at the specific request of a law enforcement officer investigating the fatal crash. The victim was dead at the scene, and Defendant was awaiting an Air Vac transport to a Jackson hospital. No search warrant was issued directing withdrawal of the blood.

Following an evidentiary hearing, the trial court denied Defendant's motion to suppress. Defendant and the State entered into a negotiated plea agreement pursuant to Tennessee Rule of Criminal Procedure 11(c)(1)(A) and (C). Pursuant to the agreement, Counts 2, 3, 4, 5, 6, and 7 of the indictment were dismissed. Also, Defendant pled guilty as charged in Count 1 to the offense of vehicular homicide by intoxication and received the agreed upon minimum sentence of 12 years as a Range II multiple offender. Finally, the judgment and the trial court's statements at the guilty plea hearing indicate Defendant's intention to reserve for appeal a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37. A separate order was entered reflecting the reservation of a certified question of law for appeal on the same day the judgment of conviction was entered. In addition to stating the certified question of law for appellate review, this separate order also had the following pertinent provision:

> Defendant submits that the result of the blood test are critical to the State's proof of intoxication, without which there would be insufficient basis to support a conviction for the offense charged, and that therefore the question presented is a dispositive one. This Court agrees that the issue is dispositive. *The State, pursuant to T.R.Cr.P. 37(d)* [sic] *does not agree that the issue is dispositive.*

(Emphasis added).

Taken in context, it is obvious to this Court that the above reference to "T.R.Cr.P. 37(d)" is incorrect, and that the order intended to refer to Tennessee Rule of Criminal Procedure 37(b)(2)(D). Tennessee Rule of Criminal Procedure 37(d) pertains to the requirement that before a guilty verdict becomes final, either a notice of appeal or a waiver of appeal shall be filed by a defendant.

The trial court's order was signed as "Approved for Entry" by both the assistant district attorney and Defendant's counsel. The order does specifically state that the certified question of law was expressly reserved for appeal with the consent of the Court and the State, in addition to Defendant. The State continues to maintain on appeal that the certified question of law is not dispositive of the case, and that therefore the appeal should be dismissed.

At the time Defendant's guilty plea was entered on February 14, 2011, the Tennessee Rules of Criminal Procedure pertinent to the right of a defendant to plead guilty to an offense, yet still reserve the right to appeal a certified question of law, provided in relevant part:

> **RULE 37. APPEAL.** — (a) Definition of an Appeal. — An "appeal" refers to direct appellate review available as a matter of right, appeals in the nature of writs of error, and all other direct appeals in criminal cases.
>
> (b) When an Appeal Lies. — The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal. The defendant may appeal from any judgment of conviction:
>
> > (1)  on a plea of not guilty; or
> >
> > (2)  *on a plea of guilty or nolo contendere*, if:
> >
> > > (A) the defendant entered into a plea agreement under *Rule 11(a)(3)* but explicitly reserved –with the consent of the state and the court–the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
> > >
> > > > (i) the judgment of conviction or other document to which such

judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case; *or*

(B) the defendant seeks review of the sentence and there was no plea agreement under Rule 11(c); *or*

(C) the errors complained of were not waived as a matter of law by the guilty or nolo contendere plea, or otherwise waived, and if such errors are apparent from the record of the earlier proceedings; *or*

(D) the defendant–with the consent of the court–explicitly reserved the right to appeal a certified question of law that is dispositive of the case, and the requirements of Rule 37(b)(2)

are met, *except the judgment or document need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive.*

Tenn. R. Crim. P. 37 (2010) (italicized emphasis added).

Tennessee Rule of Criminal Procedure **11(a)(3)**, referred to in sub-section (A) of Rule 37(b)(2), by its explicit terms applies *only* when a defendant enters a *conditional* guilty plea or a plea of nolo contendere:

**RULE 11. PLEAS. —** (a) Plea Alternatives. —

(1) In General. — A defendant may plead not guilty, guilty, or nolo contendere. The court shall enter a plea of not guilty if a defendant refuses to plead or if a defendant corporation, limited liability company, or limited liability partnership fails to appear.

(2) Nolo Contendere. — A defendant may plead nolo contendere only with the consent of the court. Before accepting a plea of nolo contendere, the court shall consider the views of the parties and the interest of the public in the effect administration of justice.

*(3) Conditional Plea. — A defendant may enter a conditional plea of guilty or nolo contendere in accordance with Rule 37(b).*

Tenn. R. Crim. P. 11(a)(1)-(3) (2010) (italicized emphasis added).

A literal reading of Rule 37 and Rule 11(a)(3) together provides that the State must (1) consent to reservation of the certified question for appeal, and (2) agree that the certified question is dispositive on appeal *only* if a defendant enters a *conditional* plea of guilty or a plea of nolo contendere. Under this literal reading of the rules, when a negotiated plea of guilty is made by the defendant, as was done in the case *sub judice*, Rule 37(b)(2)(D) provides that the judgment or separate order containing the certified question "need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive."

This interpretation is clearly not consistent with the historical intent of these rules, nor the previous interpretation of the applicable rules by this Court. *See State v. Carlos E. Bryan*, No. M2001-02705-CCA-R3-CD, 2002 WL 31769200 (Tenn. Crim. App. Dec. 11, 2002) *no perm. app. filed*. Prior to the 2006 edition of Tennessee Code Annotated, Court Rules,

Volume 1, Tennessee Rule of Criminal Procedure 37(b)(2) allowed a defendant to appeal *even* from a guilty plea if he or she "entered into a plea agreement under [Tenn. R. Crim. P.] **11(e)**" but explicitly reserved a dispositive certified question of law with the consent of both the state and the trial court. (Emphasis added). Subsection (e) of Tennessee Rule of Criminal Procedure 11 was titled "Plea Agreement Procedure." The 2006 edition of Tennessee Code Annotated, Court Rules, Volume 1 made changes in Tennessee Rules of Criminal Procedure 11 and 37. Among changes in wording, numbering, and lettering, the new Rule 37 permitted an appeal from a plea of guilty if a defendant enters "into a plea agreement under [Tenn. R. Crim. P.] **11(a)(3)**" but reserves with the consent of both the state and trial court to appeal a certified question of law dispositive of the case. (Emphasis added). Notably, the subsection of Tennessee Rule of Criminal Procedure 11 titled "Plea Agreement Procedure" was changed in 2006 from Rule "11**(e)**" to Rule "11**(c)**." (Emphasis added).

It is obvious to this Court that the reference to "Rule 11(a)(3)" in Rule 37(b)(2)(A) is a mistake. It should have stated "Rule 11(c)," the subsection which was previously designated "Rule 11(e)" ("Plea Agreement Procedure") but had been re-designated (at the same time as the changes to Rule 37 were made) to "Rule 11(c)."

In the case *sub judice*, wherein Defendant entered into a negotiated plea agreement pursuant to Tennessee Rule of Criminal Procedure 11(c)(1)(C), (the State agreed that a specific sentence is the appropriate disposition of the case), Defendant attempted to reserve a certified question of appeal without the State's agreement that the certified question was dispositive of the case. In support of this procedure Defendant relies upon Tennessee Rule of Criminal Procedure 37(b)(2)(D) which states as follows:

> (D) the defendant–with the consent of the court–explicitly reserved the right to appeal a certified question of law that is dispositive of the case, and the requirements of Rule 37(b)(2) are met, except the judgment or document need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive.

We initially note that the reference above to "Rule 37(b)(2)," without more specificity, makes little sense, as subsection "(D)" is a part of "Rule 37(b)(2)." Nevertheless, examination of previous versions of Rule 37 assists us in applying the rule to this case on appeal. Effective July 1, 2002, Tennessee Rule of Criminal Procedure 37, subsections(b)(2)(i) and (iv) were amended to read as follows:

> (b) When an Appeal Lies. – An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:

. . .

(2) Upon a plea of guilty or nolo contendere if:

> (i) The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
>> (A) The judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
>>
>> (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>>
>> (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
>>
>> (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case; or
>
> (ii) The defendant seeks review of the sentence set and there was no plea agreement under Rule 11(e); or
>
> (iii) The error(s) complained of were not waived as a matter of law by the plea of guilty or nolo

contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had; or

(iv)    The defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case, and the requirements **of subsection (i) are met**, except the judgment or document need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive.

Tenn. R. Crim. P. 37(b) (2003) (emphasis added).

According to the Advisory Commission Comments and the compiler's notes to the 2003 edition of Tennessee Code Annotated, Court Rules, Volume 1, the 2002 amendments to the Tennessee Rule of Criminal Procedure 37(b)(2)(i) and (iv) were to specify the requirements for appeals of certified questions of law which were mandated by the Tennessee Supreme Court in *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988). The amendments were adopted by order of the Supreme Court on January 30, 2002. Prior to these amendments, Rule 37(b)(2)(i) through (iv) read,

(b) When an Appeal Lies. – An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:

. . .

(2) Upon a plea of guilty or nolo contendere if:

(i)    Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case; or

(ii)    Defendant seeks review of the sentence set and there was no plea agreement under Rule 11(e); or

-8-

> > (iii) The error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had; or
>
> > (iv) Defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

Tenn. R. Crim. P. 37(b) (2002).

*State v. Carlos Bryan, supra*, is an opinion filed in December 2002, after the effective date of the above quoted amendments to Rule 37. However, our review of the record in that case confirms that *Bryan* involved an appeal of a guilty plea attempting to reserve a certified question of law where the guilty plea was entered prior to the effective date of the amendments to Rule 37. In *Carlos Bryan*, the defendant entered into a negotiated plea of guilty to possession of over seventy pounds of marijuana with intent to sell or deliver, with an agreed sentence of eight years. *Id*. at *1. The documentation relating to the defendant's attempt to reserve a certified question of law stated that he entered into the plea of guilty reserving the issue for appeal pursuant to "'Tennessee Rule of Criminal Procedure 37(b)(2)*(iv)*." *Id*. (emphasis added). On appeal the State argued that this Court did not have jurisdiction to entertain the appeal because nothing in the documents showed the State's consent to the defendant's reservation of a certified question for appeal following his plea of guilty. Specifically relevant to the case *sub judice* is this Court's framing of the issue in *Carlos Bryan*:

> The state contends that this court does not have jurisdiction to entertain the appeal. *It contends a certified question of law pursuant to a negotiated plea of guilty with an agreed sentence also requires the consent of the state under subjection (i) of Tennessee Rule of Criminal Procedure 37(b2) and may not be certified pursuant to subsection (iv)*, the latter of which only requires the consent of the court. We must agree with the state.

*Id*. (emphasis added).

This Court gave the following analysis in reaching its holding:

> Subsection (iv) "allows the defendant to appeal a certified question of law *without the consent of the district attorney.* This provision would

*only apply where there was no plea agreement* and the defendant pled to the charge with the court imposing sentence." Committee Comment, Tenn. R. Crim. P. 37 (emphasis added). It further appears to the court that there is a rational basis for requiring the state's consent to a certified question of law entered pursuant to a plea agreement. In such a situation, the state agrees with the defendant to take a position with regard to the sentence; thus, requiring the state's consent to the certified question of law is logical.

*Id*. at *2 (emphasis in original).

As to Defendant's case in this appeal, it is clear that current subsection (b)(2)(D) of Rule 37 is substantively the same as the provision found in Tennessee Rule of Criminal Procedure 37(b)(2)(iv) (2002) which was interpreted in *Carlos Bryan*. Thus the holding in *Carlos Bryan* remains persuasive authority for this Court in this case. We choose to follow *Carlos Bryan*. Because Defendant entered into a negotiated plea agreement with an agreed sentence, the *only* avenue available to him to properly reserve a certified question of law for appeal was pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A)(i) through (iv). Subsection (iv) requires that both the trial court *and* the state agree that the certified question is dispositive of the case. With the State's refusal to agree that the certified question is dispositive of the case, Defendant's only option to plead guilty and appeal pursuant to Tennessee Rules of Criminal Procedure 37(b), would be to plead guilty to the offense without any agreement by the State that a specified sentence was appropriate and binding pursuant to the plea agreement. *Carlos Bryan*, at *1. Here, it is abundantly clear that the State did *not* agree the certified question was dispositive. Accordingly, we are without jurisdiction to entertain the appeal. The appeal must therefore be dismissed.

In the event of further review, we will address the other issues raised in this appeal. As noted above, the state continues to assert on appeal that the certified question is not dispositive. We conclude that if the proper procedural requirements for reserving a certified question of law had been followed, the question would be dispositive. However, if we had then addressed the specific question attempted to be reserved, Defendant nevertheless would not be entitled to relief.

**Facts**

On the night of April 13, 2009, Defendant was involved in a two-vehicle, head-on collision in Selmer. Defendant was driving one of the vehicles and the victim, Steven Lawson, was driving the other vehicle. No other persons were inside either vehicle. When law enforcement officers arrived, the victim was already dead. Defendant had to be flown by Air Vac to a hospital in Jackson. While awaiting Air Vac, Defendant was placed into an

ambulance at the scene. Lieutenant Tony Miller of the Selmer Police Department went inside the ambulance to speak with Defendant as part of the investigation into the crash. Lt. Miller had already come to the conclusion, based upon what he had observed at the scene, that Defendant had crossed over into the oncoming lane of traffic and caused the wreck. Lt. Miller could smell alcohol on Defendant's breath. Lt. Miller asked Defendant if he had been drinking and he said Defendant "indicated to me that he had."

Lt. Miller testified that he informed Defendant that a blood sample would be withdrawn from him because there was a fatality and it appeared that Defendant had been drinking. Lt. Miller did not read the implied consent form to Defendant. When asked for the basis that he had to request a blood withdrawal from Defendant at the scene, Lt. Miller testified:

> I was operating under the assumption as advised to me by the Highway Patrol also is that – in fatalities like that where you've got the presence of alcohol that the implied consent law doesn't apply, that you – if you have probable cause to believe that they're intoxicated that you can take blood from them and you don't have to read them the implied consent.

The blood was drawn by paramedic Jeffrey Strickland, the only other witness who testified at the suppression hearing. Mr. Strickland testified that Defendant had to be extricated from his vehicle following the wreck. Although in pain, Defendant remained conscious and responded to inquiries made by Mr. Strickland. The paramedic smelled alcohol on Defendant while examining him. Mr. Strickland withdrew the blood sample from Defendant per Lt. Miller's request, and the paramedic followed proper procedures in doing so. Lt. Miller also testified that he never took any steps to request a search warrant to draw a blood sample from Defendant, even though he had with him the cell phone number of the local General Sessions Court Judge.

As noted above, Defendant filed a motion to suppress the results of the blood tests based upon violation of his right to be protected from warrantless unreasonable searches and seizures. The trial court denied the motion, which ultimately led to the entry of his guilty plea with a reservation of the certified question for appeal.

A defendant may enter a guilty plea but still reserve for appeal "a certified question of law that is dispositive of the case" if certain procedural requirements are met. Tenn. R. Crim. P. 37(b)(2); *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). One of the requirements is that the certified question must be dispositive of the case, Tenn. R. Crim. P. 37(b)(2)(A)(iv), that is, to be dispositive the appellate court must either affirm the conviction or reverse and dismiss the charges. *State v. Walton*, 41 S.W.3d 75, 96 (Tenn. 2001). The

reviewing court must make a determination that the question is dispositive, *Preston*, 759 S.W.2d at 651, based upon the record before it. *See State v. Smotherman*, 201 S.W.3d 657, 660 (Tenn. 2006) ("The appellate record provides the boundaries of an appellate court's review."). In *State v. Dailey*, 235 S.W.3d 131 (Tenn. 2007), the Supreme Court of Tennessee reversed this Court's decision where it was concluded that a reserved certified question of law in a homicide case was *not* dispositive. The Supreme Court in *Dailey* noted that "the State represented to the trial court that it had no evidence upon which to proceed other than the Defendant's confession," which was the subject of the suppression motion. *Id*. at 136. The Court also stated that "it is not the appellate court's duty to question why the record does not contain other evidence or to assume oversight of the underlying criminal investigation." *Id*. at 135.

Furthermore, we have no option other than to strictly limit our review to the precise issue certified as the question of law reserved for appeal. *State v. Day*, 263 S.W.3d 891, 900 (Tenn. 2008) ("As we have stated repeatedly, no issue beyond the scope of the certified question will be considered."); *Preston*, 759 S.W.2d at 650; Tenn. R. Crim. P. 37(b)(2)(A)(ii) ("the question of law as stated in the judgment or order reserving the certified question identified clearly the scope and limits of the legal issue reserved").

It is appropriate to quote from a portion of a footnote in our Supreme Court's opinion in *Day*:

> . . . . When crafting a certified question, both the defendant and the State would be prudent to review the Rule, craft the certified question to [ensure] that it meets each of the requirements delineated in subsection (b)(2)(A)(i)-(iv) of the Rule, and analyze whether the issue as stated in the judgment order is broad enough to meet the intent of both parties. . . .

*Day*, 263 S.W.3d at 900, n. 8.

We must determine, *on the basis of the record before us*, whether a question is dispositive. *Dailey*, 235 S.W.3d at 135. The testimony at the suppression hearing established probable cause, but not proof beyond a reasonable doubt, that Defendant's vehicle was the one that crossed the center-line of the road and caused the wreck as a result of Defendant's intoxication. No field sobriety tests were given (or even could be given) to Defendant. The two witnesses who testified at the suppression hearing stated they smelled alcohol on Defendant, without quantification of how strong or weak the smell seemed. Both witnesses testified that Defendant answered all of their questions, providing an inference that he was coherent, and certainly not indicating that he was necessarily under the influence of alcohol or other intoxicants. The only proof that Defendant was *intoxicated* (the mere smell

-12-

of alcohol - with absolutely no further information is not sufficient to establish *intoxication*, *State v. James Russell Neill, Jr.*, No. 02C01-9503-CC-00067, 1996 WL 102349, at *2 (Tenn. Crim. App. at Jackson, March 6, 1996) (citing *Hurt v. State*, 201 S.W.2d 988 (Tenn. 1947)), was the results of the blood test, which is the subject of the suppression issue on appeal. The blood tests results showed that Defendant's blood alcohol content was 0.06, and that the following drugs were also found in his blood: Alprazolam (Schedule IV drug), Methamphetamine (Schedule II drug), and Promethazine.

In light of our Supreme Court's opinion in *Dailey*, we conclude that the certified question under review would be dispositive of Defendant's case.

As noted above, we are prohibited from reviewing any issue, or argument by either party, which is beyond the scope of the certified question. *Day*, at 899. By its explicit wording, the certified question of law limits the issue on appeal to the narrow question of whether the State must offer proof that law enforcement officers attempted to obtain a search warrant "before the [trial] court may find that exigent circumstances exist." In his brief on appeal, Defendant makes extensive and detailed arguments asserting that probable cause did not exist to justify the search and seizure of Defendant's blood sample. This issue is not included within the explicit certified question reserved for appeal. Therefore it could not be addressed. Defendant also argues that the trial court erred by presuming the existence of exigent circumstances. Again, this precise issue is not included within the certified question of law, which deals *solely* and *only* with the issue of whether law enforcement officers must first make an attempt to obtain a search warrant before exigent circumstances can be found to exist.

We also note that the "issue presented for review" in Defendant's brief is not the same issue as that reserved in the certified question on appeal. Defendant submitted the issue in his brief as follows:

> Did the trial court err in overruling [Defendant's] Motion to Suppress upon a finding that the warrantless search of the defendant's person, by means of a forced submission to a blood alcohol content test, was excused by the existence of exigent circumstances, where the [S]tate failed to prove by a preponderance of the evidence that such circumstances actually existed in this case?

Of course the issue as framed in the appellate brief cannot control what issue we would be able to review. *Id.* As to the issue reserved, Defendant argues that "[o]ur highest courts have found that exigent circumstances cannot be found in an absence of any attempt to satisfy the warrant requirement." Defendant asserts there was no testimony at the

suppression hearing about "the time needed to prepare and present a warrant." Defendant takes the position that since there was proof that Officer Miller had the cell phone number of the General Sessions Court Judge, but still made no attempt to procure a search warrant before ordering a blood withdrawal from Defendant, that the State thus "failed to carry its burden as to the existence of exigent circumstances."

It is well settled that drawing a person's blood is considered a seizure, subject to the provisions of the Fourth Amendment to the United States Constitution, as applicable to the states through the Fourteenth Amendment, and to the provisions of Article I, § 7 of the Constitution of Tennessee. *State v. Scarborough*, 201 S.W.3d 607, 616 (Tenn. 2006). Evidence obtained in violation of constitutional provisions prohibiting unreasonable searches and seizures must generally be suppressed. *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997). A warrantless search and seizure is presumed unreasonable, unless the search and seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement. *Id.*; *State v. Carter*, 160 S.W.3d 526, 531 (Tenn. 2005).

One exception to the warrant requirement is a search based upon probable cause and exigent circumstances. *Schmerber v. California,* 384 U.S. 757, 770, 86 S. Ct. 1826 (1966). Regarding the issue of exigent circumstances as it relates to the withdrawal of a blood sample, this Court in *State v. Jordan*, 7 S.W.3d 92, 99 (Tenn. Crim. App. 1999) adopted the test enunciated by the United States Supreme Court in *Schmerber*, which allows admission of blood test results where there has been a compelled warrantless seizure of the blood sample and where:

> a) The officer compelling the extraction of blood from the accused has probable cause to believe that the accused committed the offense of aggravated assault or vehicular homicide while under the influences of an intoxicant or drug, and there is a clear indication that evidence of the accused's intoxication will be found if the blood is taken from the accused's body and tested;
>
> b) Exigent circumstances exist to forego the warrant requirement;
>
> c) The test selected by the officer is reasonable and competent for determining blood-alcohol content; and
>
> d) The test is performed in a reasonable manner.

*Jordan*, 7 S.W.3d at 99.

The certified question for appeal pertains only to factor (b) above. We take note that the State argues in its brief that: (1) application of the exclusionary rule in this case would be inappropriate, even if Defendant's issue had merit; and (2) Defendant consented to the withdrawal of his blood due to the lack of any objection to the procedure, and by operation of his motor vehicle on the public roads of Tennessee. We would not be able to address these claims by the State because they were not properly included within the certified question of law. *See Day*, 263 S.W.3d at 900, n. 8 (quoted above).

Defendant relies upon two cases in support of his argument regarding the issue which he attempted to reserve for appeal: *Johnson v. United States*, 333 U.S. 10, 68 S. Ct. 367 (1948) and *U.S. v. Chambers*, 395 F.3d 563 (6th Cir. 2005), abrogated by *Kentucky v. King*, ___ U.S. ___, 131 S. Ct. 1849 (2011). The State does not address or mention in its brief either of these two cases.

In *Johnson*, a case decided 64 years ago, the defendant was convicted of four counts of violation of federal narcotic laws. The convictions resulted from the warrantless search of a hotel room, after law enforcement officers smelled the odor of burning opium in a hallway outside of the hotel room. The Supreme Court reversed the convictions based upon the unlawful warrantless search. Defendant quotes from a portion of the Court's holding in support of his argument:

> No reason is offered for not obtaining a search warrant except the inconvenience to the officers and some slight delay necessary to prepare papers and present the evidence to a magistrate. These are never very convincing reasons and, in these circumstances, certainly are not enough to bypass the constitutional requirement.

*Johnson*, 68 S.Ct. at 367.

However, the entire portion of the Supreme Court's reasoning, which includes the portion relied upon by Defendant, is as follows:

> There are exceptional circumstances in which, on balancing the need for effective law enforcement against the right of privacy, it may be contended that a magistrate's warrant for search may be dispensed with. But this is not such a case. No reason is offered for not obtaining a search warrant except the inconvenience to the officers and some slight delay necessary to prepare papers and present the evidence to a magistrate. These are never very convincing reasons and, in these circumstances, certainly are not enough to bypass the constitutional requirement. No suspect was fleeing or likely to

-15-

take flight. The search was of permanent premises, not of a movable vehicle. No evidence or contraband was threatened with removal or destruction, except perhaps the fumes which we suppose in time will disappear. But they were not capable at any time of being reduced to possession for presentation to court. The evidence of their existence before the search was adequate and the testimony of the officers to that effect would not perish from the delay of getting a warrant.

*Id*.

However, since 1948 when *Johnson* was decided, the United State Supreme Court has stated, in *Schmerber*, a DUI case wherein a warrantless withdrawal of the defendant's blood was taken at a hospital, that:

We are told that the percentage of alcohol in the blood begins to diminish shortly after drinking stops, as the body functions to eliminate it from the system. Particularly in a case such as this, where time had to be taken to bring the accused to a hospital and to investigate the scene of the accident, there was no time to seek out a magistrate and secure a warrant. Given these special facts, we conclude that the attempt to secure evidence of blood-alcohol content in this case was an appropriate incident to petitioner's arrest.

*Schmerber*, 86 S. Ct. at 1836.

Defendant cites the following quote from *Chambers*, but does not state on which page of the fifteen-page opinion the quoted language is found: "[B]ut the officers took no action at this time to secure a search warrant despite the incriminating evidence in their possession. No magistrate was asked nor has any magistrate ever turned down a request for a warrant in this case." Not only does this quoted language not represent a court's holding that supports Defendant's argument, *Chambers* was abrogated by the United States Supreme Court in *Kentucky v. King*, ____ U.S. _____, 131 S. Ct. 1849 (2011). In *King*, the Court held,

We have said that "[l]aw enforcement officers are under no constitutional duty to call a halt to criminal investigation the moment they have the minimum evidence to establish probable cause." *Hoffa v. United States*, 385 U.S. 293, 310, 87 S. Ct. 408, 17 L. Ed. 2d 374 (1966). Faulting the police for failing to apply for a search warrant at the earliest possible time after obtaining probable cause imposes a duty that is nowhere to be found in the Constitution.

*King*, 131 S. Ct. at 1860-61.

Defendant has failed to cite controlling authority, and we have found none, to support his assertion that "proof of actual attempts by law enforcement officers to obtain a lawful warrant must be placed on the record before the court may find that exigent circumstances exist." Accordingly, even if proper procedural requirements had been met, Defendant would not be entitled to relief in this appeal.

## CONCLUSION

The appeal is dismissed for the reasons stated herein.

_____
THOMAS T. WOODALL, JUDGE