# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
January 8, 2013 Session

## STATE OF TENNESSEE v. JOSEPH L. LANDS

**Appeal from the Circuit Court for McNairy County**
**No. 2726     J. Weber McCraw, Judge**

---

### No.  W2012-00739-CCA-R10-CD  - Filed June 14, 2013

---

Appellant, Joseph L. Lands,  pled guilty to vehicular homicide by intoxication in McNairy County.  *Lands*, 377 S.W.3d 678, 679 (Tenn. Crim. App. 2012).  Because of a procedural error, Appellant's appeal to this Court was dismissed and his appeal bond was revoked. *Id.* at 684.  The trial court subsequently granted Appellant's request for bond while appealing to the Tennessee Supreme Court.  The State filed an application pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure for an extraordinary appeal arguing that the trial court did not have jurisdiction to grant the request.  We granted the Rule 10 application.  On appeal, we conclude that Rule 8(c) specifically states that this Court has jurisdiction to determine questions regarding appeal bonds when an appellant appeals this Court's determination to the Tennessee Supreme Court.  Therefore, we remand this case for proceedings to revoke his appeal bond in the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter, David H. Findley, Assistant Attorney General, for the appellant, State of Tennessee.

Ryan B. Feeney, Selmer, Tennessee, for the appellee, Joseph L. Lands.

## OPINION

### *Factual Background*

Appellant was charged with seven different counts stemming from an automobile accident. *State v. Lands*, 377 S.W.3d at 679. He was charged with one count each of: vehicular homicide by intoxication; aggravated vehicular homicide; vehicular homicide by reckless conduct; DUIS with prior DUIS convictions; felony DUIS; driving while license suspended, canceled, or revoked; and reckless driving. *Id.* Appellant filed a motion to suppress the results of a blood test. The motion to suppress was denied following an evidentiary hearing. *Id.* Appellant subsequently pled guilty to vehicular homicide by intoxication. Pursuant to the plea, Appellant was sentenced to twelve years as a Range II, multiple offender and the remaining counts were dismissed. *Id.* Appellant reserved the following certified question of law for appeal:

> Defendant submits that the result[s] of the blood test are critical to the State's proof of intoxication, without which there would be insufficient basis to support a conviction for the offense charged, and that therefore the question presented is a dispositive one. *This Court agrees that the issue is dispositive. The State, pursuant to T. R. Cr. P. 37(d)* [sic] *does not agree that the issue is dispositive*.

*Id.* at 679-80 (emphasis in original).

On appeal, this Court addressed the procedural question of whether a defendant can reserve a certified question on appeal with an agreed sentence, but the State has not agreed that the certified question is not dispositive of the case. This Court held that to appeal pursuant to Rule 37(b)(2)(A)(I)-(iv) the State must agree that the certified question is dispositive of the case. *Id.* at 684. Appellant's appeal was dismissed because the State did not agree that the certified question was dispositive and, therefore, this Court did not have "jurisdiction to entertain the appeal." *Id.*

Appellant was on bond during his appeal to this Court. The judgment of this Court attached to the opinion in *State v. Lands*, 377 S.W.3d 678 (Tenn. Crim. App. 2012), stated that Appellant's bond was revoked and ordered that Appellant be taken into custody. *State v. Joseph L. Lands*, No. W2011-00386-CCA-R3-CD, *2 (Tenn. Crim. App., at Jackson, Apr. 13, 2012) (Order entitled: Order Granting Rule of Appellate Procedure 10 Appeal and Requiring Defendant to be Held in Custody Without Bail Pending Appeal). Subsequent to

this Court's decision on direct appeal, the trial court heard a motion filed by Appellant to be released on bond while he appealed from this Court to the Tennessee Supreme Court. *Id.* at *3. After conducting a telephonic conference, the trial court released Appellant on bond during his appeal to the supreme court by order filed April 10, 2012. *Id.* at *2. On April 11, 2012, the State filed an application for an extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellant Procedure. In its application, the State argued that the trial court did not have statutory authority to enter an order granting Appellant bond for his appeal from this Court to the Tennessee Supreme Court. This court granted the application on April 13, 2012.

## ANALYSIS

The State has set forth three arguments on appeal: (1) whether the trial court lacked statutory authority to release a defendant on bond pending his application for permission to appeal to the Tennessee Supreme Court; (2) whether a bail hearing should be held in open court since it involves the weighing of the defendant's interests, as well as, the public's; and (3) whether the trial court erred in not requiring the bail proceedings to be transcribed by a court reporter.

Rule 8(c) of the Tennessee Rules of Appellate Procedure states that following:

> **(c) Release of Defendant Pending Review in the Supreme Court.** Upon affirmance of the conviction of a defendant in th Court of Criminal Appeals, the defendant may be admitted to bail on bond pending the filing and disposition of an application for permission to appeal to the Supreme Court under rule 11 *upon such terms and under such conditions as shall be fixed by the Court of Criminal Appeals*.

Tenn. R. App. P. 8(c) (emphasis added).

According to this rule, it is clear that the trial court did not have jurisdiction to order Appellant released on bond. Furthermore, Appellant has conceded this issue in his brief on appeal.

Because the initial issue of whether the trial court had jurisdiction to order the bond is dispositive of the issue at hand, we decline to address the State's remaining issues.

## **CONCLUSION**

For the foregoing reasons, we reverse the order of the McNairy County Circuit Court granting Appellant bond pending disposition of his Application for Permission to Appeal to the Tennessee Supreme Court. Appellant's bond is revoked in accordance with this opinion.

_____
JERRY L. SMITH, JUDGE