# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 16, 2013

## MAURICE EDWARD CARTER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Smith County**
**No. 07-72    David E. Durham, Judge**

---

**No. M2012-01843-CCA-R3-PC Filed 06/14/2013**

---

The petitioner pled guilty in Smith County to one count of aggravated statutory rape and one count of criminal exposure to HIV and received an effective sentence of twenty years.[1] The petitioner's guilty pleas were entered with the condition that he reserved the right to appeal a certified question of law pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure regarding the search and seizure of certain evidence. The Court dismissed the appeal based on a lack of jurisdiction. The petitioner brought this post-conviction petition asserting that his trial counsel was ineffective in reserving the certified question and bringing the appeal. The post-conviction court dismissed the claim without a hearing or the appointment of counsel, finding that the issues had been previously determined on direct appeal. *See* T.C.A. § 40-30-106(h) (2010). The petitioner appeals, asserting that this Court on direct appeal concluded it was without jurisdiction and did not rule on the merits of his claims. After a thorough examination of the facts and law, we conclude that the petitioner has stated a colorable claim; and we reverse the judgment of the post-conviction court and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Case Remanded**

PAUL G. SUMMERS, SR. J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, J., joined.

Maurice Edward Carter, Nashville, Tennessee, Pro Se.

---

[1] The petitioner pled guilty in Rutherford County to four counts of aggravated sexual exploitation of a minor, two counts of solicitation of sexual exploitation of a minor, one count of statutory rape and one count of criminal exposure to HIV. He received an effective twenty-year sentence in Rutherford County, to be served concurrently with the Smith County sentences.

Robert E. Cooper, Jr., Attorney General & Reporter; Benjamin Ball, Assistant Attorney General; Tom P. Thompson, District Attorney General; and Howard Chambers, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts and Procedural Background

The charges against the petitioner arose when police responded to a noise disturbance at the end of a closed road leading to a defunct ferry dock. *State v. Carter*, No. M2010-00063-CCA-R3-CD, 2011 WL 3303714, at *1 (Tenn. Crim. App. Aug. 2, 2011). They found several persons in four separate vehicles, including the petitioner in the passenger seat of his car and the minor victim in the driver's seat of the petitioner's car. *Id.* at *2. A deputy shined a flashlight into the car and observed a bag of marijuana, which the victim claimed. *Id.* The deputy testified that the petitioner gave permission for him to search the car, where he found another bag of marijuana. *Id.* The petitioner then began manifesting symptoms of heart trouble, and the deputy requested an ambulance. *Id.* Because it became apparent that the petitioner would leave in the ambulance, the deputy asked him to identify the company he wanted to tow his car; and the petitioner did so. *Id.* The deputy then gave the petitioner the opportunity to withdraw his consent to the search because it would be conducted in his absence, and the petitioner stated "it was okay" for police to search. *Id.*

The police searched his car and found a locked box in the back seat. *Id.* at *3. They determined that it contained something by shaking it. *Id.* A deputy "took [his] knife and it just opened right up." *Id.* The police discovered nude photographs and DVDs of the minor victim.[2] *Id.* The petitioner subsequently gave a statement incriminating himself. *Id.* at *5. He then gave consent for a search of his residence, storage unit, and electronic devices. *Id.*

In a joint hearing, the trial courts for both Smith and Rutherford counties denied the petitioner's motions to suppress evidence recovered from the search of his vehicle; his motions to suppress evidence recovered based on the initial seizure; and his motions to suppress his statement. The petitioner decided to plead guilty to some of the numerous charges brought against him. *Id.* at *3-6. The petitioner reserved the following certified

---

[2] The appellate opinion on direct review also makes reference to a "new English dictionary" containing nude photographs of the victim. *Id.* at *2. It is unclear if this item was inside the locked box, on the back seat as a separate item, or if it was itself the locked box. The appellate court refers to the "book (maybe in a locked box)" and quotes the trial court's referring to "the box or the dictionary book." *Id.* at *3, 10. The post-conviction petition refers to the "Locked Box (Old English Dictionary)."

question:

> Whether the stop and subsequent warrantless search of the [petitioner's] Nissan automobile on June 3, 2007, by officers in Smith County, Tennessee, was unreasonable; violated the [petitioner's] Fourth Amendment rights to the United States Constitution and rights under the Tennessee Constitution; was performed without probable cause nor based upon a reasonable suspicion supported by articulable facts; was a pretext to perform an illegal search; was unreasonable in the time[,] manner and scope of the investigation; was done without lawful consent; and was unlawful. Whether the evidence obtained from the stop and subsequent warrantless search, including statements and evidence obtained from search warrants based on evidence from the search, were obtained unlawfully and subject to suppression and, if so, whether the trial court erred in failing to suppress the evidence and statements.

*Id.* at *7.

On direct appeal, this Court noted that the question of *when* the seizure of the petitioner occurred was not ruled on by the trial courts and was beyond the scope of the certified question. The Court also stated that it would not consider the claim that officers acted illegally in stopping the petitioner's vehicle, as the trial court had made no determination regarding this issue. *Id.* at *8, 9. Nevertheless, the Court concluded that it agreed with the Rutherford County trial court's determination that the "initial detention was appropriate" and also wrote that "the evidence shows that the defendant [petitioner] was not seized' by the officers' arrival in the area and approach to the defendant's vehicle." *Id.* at *9.

Regarding the search, the Court determined that "the search of the defendant's vehicle was lawful." *Id.* at *11. While the Court held that the plain view, exigent circumstances, and inventory exceptions to the warrant requirement were "not specifically include[d] . . . in [the petitioner's] certified question" and therefore "beyond the scope of the question," it also noted that the trial courts' ruling that the search could legally have been conducted under the plain view and inventory exceptions was supported by testimony. *Id.* at *10-11. Regarding the issue of consent, the Court noted it would "defer to the [trial] courts' credibility determinations," which were in favor of the State. *Id.* at *10. The petitioner also argued that the locked box was outside the scope of any alleged consent, but the Court concluded that "it does not appear that the scope of the defendant's consent was properly reserved in the

certified question." *Id.* at *11. Nevertheless, the Court noted that "the courts also accredited the testimony of the officers" on this issue. *Id.* at *10.

Finally, the Court addressed the petitioner's claims regarding his incriminating statements given to police after the search of his vehicle. The Court "conclude[d] that the trial court did not err in denying these motions because, as determined above, the search of the defendant's vehicle was lawful, meaning that his subsequent statement and evidence from the search warrants were not 'fruit of the poisonous tree.'" *Id.* at *11. It also held that allegations of violations of the Fifth, Sixth, and Fourteenth Amendments were beyond the scope of the certified question. *Id.* In the section regarding suppression of the petitioner's statements, the Court also wrote, "In addition, we note that the suppression of the [petitioner's] statement would not be dispositive of the issue . . . because the victim gave a statement detailing his involvement with the [petitioner] and the locations of their interactions." *Id.* In a footnote, the Court elaborated that "[t]he certified question does not contemplate why the State could not proceed based upon the testimony of the juvenile victim." *Id.* at *11n.5.

In sum, the Court determined that the following issues were beyond the scope of the certified question: (1) the timing of the seizure of the petitioner; (2) the claim that the initial stop of the petitioner was illegal; (3) whether the search was proper under the plain view exception to the warrant requirement; (4) whether the search was proper under the inventory exception to the warrant requirement; (5) whether the search was proper under the exigent circumstances exception to the warrant requirement; (6) whether the locked box was outside the scope of the petitioner's consent; (7) whether the petitioner's statement was taken in violation of the Fifth, Sixth, and Fourteenth Amendments; and (8) whether the testimony of the victim was an independent source of evidence. The Court nevertheless went on to make determinations regarding several of the issues.

However, the opinion makes it clear that the case was ultimately disposed on the ground that "the certified question is not dispositive of the charges against the defendant and, as a result, this court is without jurisdiction to consider the appeal." *Id.* at *1. The appeal was, accordingly, dismissed, although the Court noted that the record supported the conclusion that "the motions to suppress were without merit." *Id.*

The petitioner filed a timely post-conviction petition, asserting ineffective assistance of counsel. The Smith County post-conviction court dismissed the petition on the grounds that it did not present a colorable claim and that the issues raised had been previously

determined.[3]

## II. Law and Analysis

When a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States," a petitioner may bring a post-conviction petition to challenge the conviction or sentence. T.C.A. § 40-30-103. However, the trial court must dismiss the petition "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined." T.C.A. § 40-30-106(f). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40-30-106(h). The petitioner bears the burden of proving the allegations of fact in his post-conviction petition by clear and convincing evidence. T.C.A. § 40-30-110(f).

The petitioner asserts that he was denied the effective assistance of counsel because his counsel failed to preserve certain certified questions on appeal. Under the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution, a criminal defendant has the right to be represented by counsel. This is the right to "reasonably effective" assistance, which in turn is assistance "'within the range of competence demanded of attorneys in criminal cases.'" *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To show ineffective assistance of counsel, the petitioner must establish both that counsel's performance was deficient and that the deficiency prejudiced the petitioner. *Strickland*, 466 U.S. at 687. Deficiency requires a showing of "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The petitioner must also show prejudice, which is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

In the context of a guilty plea, a petitioner shows prejudice by proving "'there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.'" *Grindstaff v. State*, 297 S.W.3d 208, 217 (Tenn. 2009) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The inquiry should focus on whether any alleged deficiency affected the outcome of the plea process. *Grindstaff*, 297 S.W.3d at 217. Because both prejudice and deficiency must be established for post-conviction relief, a petition can be denied on a failure to prove either; the court considering the claim is not

---

[3] According to the petitioner's brief, the Rutherford County post-conviction court granted him a hearing and appointed counsel.

required to address both prongs. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

This Court has previously indicated that a post-conviction petition is the proper mechanism for challenging any purported deficiency in failing to preserve a certified question "[b]ecause the reasons a defendant pleads guilty may be varied, [and] it is not necessarily the case that the inducement to plead guilty is the ability to have a certified question considered on appeal." *State v. Ruiz*, No. M2000-03221-CCA-R3-CD, 2001 WL 1246397, at *4 (Tenn. Crim. App. Oct. 17, 2001). An attorney's failure to preserve an issue as a certified question is "not automatically the ineffective assistance of counsel" because "[a] guilty plea based upon the reasonably competent advice of counsel may not be attacked because of the possibility that the eventual outcome of an issue may have been favorable to the petitioner had he or she proceeded to trial." *Lowe v. State*, No. W1999-00881-CCA-R3-PC, 2000 WL 1285333, at *7 (Tenn. Crim. App. Aug. 30, 2000). Instead, the petitioner must show by clear and convincing evidence that he would not have pled guilty absent the ability to appeal the certified question. *Id.* If a petitioner is able to demonstrate both deficiency and prejudice in counsel's failure to properly present a certified question for review, the proper remedy is to vacate the judgment of conviction and allow the petitioner to withdraw the guilty plea. *State v. Boyd*, 51 S.W.3d 206, 211 (Tenn. Crim. App. 2000).

The petitioner alleges his counsel was deficient in failing to properly frame his legal issues as a certified question. Under Tennessee Rule of Criminal Procedure 37, the defendant who pleads guilty may nevertheless lodge an appeal if:

> (A) the defendant entered into a plea agreement under Rule 11[(c)][4] but explicitly reserved—with the consent of the state and of the court—the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> (i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

---

[4] *See State v. Lands*, 377 S.W.3d 678, 680-84 (Tenn. Crim. App. 2012) (concluding that Rule 37 contained certain clerical errors).

(iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case;

Tenn. R. Crim. P. 37(b)(2) (2010).[5] Under the Rule, the question appealed must be dispositive. Tenn. R. Crim. P. 37(b)(2)(A). A question is dispositive when the appellate court is left with two options: to affirm the judgment or to reverse the trial court and dismiss the case. *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007); *State v. Robinson*, 328 S.W.3d 513, 518 n.2 (Tenn. Crim. App. 2010). Although the parties and trial court may be in agreement that a question is dispositive, the reviewing court is not bound by such an agreement, and must make an independent determination that the certified question is dispositive. *Dailey*, 235 S.W.3d at 134-35. When the record contains incriminating evidence apart from that challenged through the certified question, the appellate court must dismiss the appeal because the certified question is not dispositive. *See id.* at 135-36 (citing *State v. Walton*, 41 S.W.3d 75 (Tenn. 2001).

In *State v. Preston*, the Tennessee Supreme Court required that in reserving a certified question, "the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved." *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988); *see* Tenn. R. Crim. P. 37(b)(2)(A)(ii). Regarding the scope of the certified question, the Court in *Preston* elaborated:

> For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the *reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement* of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise.

---

[5] This provision has since been amended. 2012 Tennessee Court Order 0025, No. M2012-01977-SC-RL2-RL (Tenn. Dec. 18, 2012).

*Preston*, 759 S.W.2d at 650 (emphasis added). These requirements regarding the framing of the question are "'explicit and unambiguous.'" *State v. Day*, 263 S.W.3d 891, 899 (Tenn. 2008) (quoting *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn.1998)); *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). "No issue beyond the scope of the certified question will be considered." *Preston*, 759 S.W.2d at 650.

On direct appeal, this Court held that the certified question was not dispositive of the case and dismissed the appeal. The Court's reasoning was that the juvenile victim had given a statement (which was part of the record), and the State could have proceeded to trial on this basis alone. The Court did not consider whether the juvenile's testimony was an "independent source" of the facts of the crimes because this question was not part of the certified question reserved by the petitioner. *Carter*, 2011 WL 3303714, at *11n.5; *see, e.g.*, *State v. Williams*, 784 S.W.2d 660, 664 (Tenn. Crim. App. 1989) ("As respects witnesses, if their connection to the evidence is discovered by reason of an independent source, or if the connection between the primary taint and the witness is so attenuated as to dissipate the taint, the primary taint is purged and the evidence is admitted because it is sufficiently distinguishable from the primary illegality." (Footnotes omitted)). Apparently based on the evidence of the victim's statement, the Court concluded that even those certified questions properly preserved – e.g., whether the initial search was lawful pursuant to consent – were not dispositive of the case.

Because the ultimate disposition of the direct appeal was to dismiss the case for lack of jurisdiction based on the fact that the question presented was not dispositive, the issues of law which the petitioner asserts would have resulted in the dismissal of his case have not been previously determined. T.C.A. § 40-30-106(h) (defining a previously determined issue as one where there has been a ruling on the merits after a full and fair hearing). Certainly, the issue of ineffective assistance of counsel has not been previously determined.

The question remaining is whether the post-conviction petition presents a colorable claim entitling the petitioner to a hearing. A colorable claim is one that "if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28 § 2(H). Pro se petitions are held to less stringent standards than pleadings drafted by attorneys when considering whether a colorable claim has been asserted. *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993). The petitioner argues that the victim's testimony, which was the basis for dismissal on appeal, would not have been discovered had police not opened the locked box. He alleges that several meritorious issues were not argued before the trial court by his counsel or were not properly preserved in the certified question, particularly the validity of the search of the locked box within the vehicle. The petitioner avers that he would not have pled guilty absent the opportunity to challenge the legality of the search through a certified question and that

-8-

his attorneys "guaranteed" that the appellate court would hear his "legal question." He also asserts his plea was based on his attorneys' encouraging assessment of the likelihood of prevailing on the certified question and their statement that without the photographs, the State would have no case.

We conclude that the petitioner has stated a colorable claim under the Post-Conviction Procedure Act. Ultimately, dismissal of the certified question was predicated on the fact that "[t]he certified question does not contemplate why the State could not proceed based upon the testimony of the juvenile victim." *Carter*, 2011 WL 3303714, at *11n.5. The petition alleges, essentially, that the victim's testimony was "fruit of the poisonous tree"; that counsel should have explored this issue; that counsel was deficient in preserving issues for appeal by failing to properly argue them before the trial court or to properly frame the certified question; and that the petitioner pled guilty based on counsel's representations that his legal issues would be addressed. To establish deficiency, the petitioner must "prove the fact of counsel's alleged error by clear and convincing evidence." *Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn. 2009) (emphasis omitted). Furthermore, whether the guilty plea was predicated on the preservation of this particular issue is a question of fact. We reiterate that "it is not necessarily the case that the inducement to plead guilty is the ability to have a certified question considered on appeal." *Ruiz*, 2001 WL 1246397, at *4. We further note that the determinations in the opinion dismissing the certified question may make it difficult for the petitioner to show prejudice with regard to certain issues. Nevertheless, we conclude that the petition states a colorable claim.

### III. Conclusion

Based on the foregoing, the judgment of the post-conviction court is reversed, and the case is remanded for further proceedings consistent with this opinion. The trial court shall appoint counsel for the petitioner, upon his showing of inability to retain his own lawyer.

 

 

_____
PAUL G. SUMMERS, Senior Judge