# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
December 10, 2013 Session

## STATE OF TENNESSEE v. GERALD ANTHONY HUMPHREY

**Appeal from the Circuit Court for Dickson County**
**No. 22CC-2012-CR-475     Larry J. Wallace, Judge**

---

**No. M2013-01512-CCA-R3-CD - Filed April 4, 2014**

---

The defendant, Gerald Anthony Humphrey, pled guilty in the Dickson County Circuit Court to DUI, first offense, and was sentenced to eleven months, twenty-nine days in the county jail, with seven days to serve prior to release on supervised probation. As a condition of his guilty plea, he attempted to reserve certified questions of law regarding the constitutionality of the "loud muffler" statute, Tennessee Code Annotated section 55-9-202, under which the arresting officer initiated the traffic stop of his vehicle. Based on our review, we conclude that the defendant failed to meet his burden to properly certify his questions of law. Accordingly, we dismiss the appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Olin J. Baker, Charlotte, Tennessee, for the appellant, Gerald Anthony Humphrey.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Senior Counsel; Dan M. Alsobrooks, District Attorney General; and Brooke M. Orgain and Margaret F. Sagi, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On March 18, 2012, Dickson County Sheriff's Deputy Clark Evins stopped the defendant for driving a vehicle with an excessively loud muffler. Upon detecting a strong odor of alcohol from the vehicle and observing that the defendant had bloodshot and watery eyes, he conducted field sobriety tests on which the defendant performed poorly. The results

of the defendant's consensual blood draw was .23%, and he was subsequently indicted for DUI, first offense, and violation of the muffler law. He later filed a motion to suppress in which he challenged the constitutionality of the loud muffler statute, the constitutionality of the traffic stop, and the admissibility of evidence obtained as the result of the stop. After the trial court overruled his motion to suppress, the defendant pled guilty to DUI, first offense, in exchange for a sentence of eleven months, twenty-nine days with all but seven days suspended and credit for time served, payment of a $350 fine and costs, attendance at a DUI safety school, the one-year loss of his driver's license, and the requirement of an ignition interlock device should he receive a restricted license. The litter pickup requirement of the DUI conviction was waived, and the loud muffler count of the indictment was nolle prosequied. As a condition of his guilty plea, the defendant attempted to reserve questions of law pursuant to Rules 11 and 37 of the Tennessee Rules of Criminal Procedure.

## ANALYSIS

Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure provides that the defendant may appeal from any judgment of conviction on a plea of guilty or nolo contendere, if:

> (A) the defendant entered into a plea agreement under Rule 11(c) but explicitly reserved – with the consent of the state and of the court – the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> > (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal contains a statement of the certified question of law that the defendant reserved for appellate review;
> >
> > (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;
> >
> > (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
> >
> > (iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case; or

(B) the defendant seeks review of the sentence and there was no plea agreement under Rule 11(c); or

(C) the errors complained of were not waived as a matter of law by the guilty or nolo contendere plea, or otherwise waived, and if such errors are apparent from the record of the earlier proceedings; or

(D) if there is no plea agreement pursuant to Rule 37(b)(2)(A), the defendant – with the consent of the court – explicitly reserved the right to appeal a certified question of law that is dispositive of the case, and the requirements of Rule 37(b)(2)(A)(i)-(ii) are otherwise met.

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court emphasized that the burden is on the defendant to ensure that the conditions for properly preserving a question of law pursuant to Rule 37 have been met:

This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. . . . . Also, *the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on the defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified.* No issue beyond the scope of the certified question will be considered.

Id. at 650 (emphasis added); see also State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003) (noting that the supreme court has never applied a "substantial compliance" standard to the Preston requirements but instead repeatedly held that the requirements under Rule 37 are "explicit and unambiguous").

The defendant's judgment reflects that his guilty plea was entered with "Certified Question Findings Incorporated by Reference." The defendant supplemented the technical record with the following order entitled "Certified Questions of Law," which was filed prior to his notice of appeal and signed by defense counsel and the trial court:

THIS MATTER HAVING COME before the Court on the 23rd day of May, 2013, upon Motion of the Defendant arising from a suppression motion heard before [the trial court], by and through counsel, [trial counsel], moving this Court to grant Certified Questions of Law for Appeal; and being dispositive of the case at bar, grants such request and incorporates the following questions of law to the Judgment in the matter as if contained on the judgment sheet itself:

1. "Whether Tenn. Code Ann. § 55-9-202 is facially unconstitutionally vague?"

2. "Whether the traffic stop of the Defendant initiated by Dickson County Sheriff's Office Deputy Clark Evins pursuant to Tenn. Code Ann. § 55-9-202 was unconstitutional and/or unconstitutional as applied?"

3. "Whether the Dickson County Circuit Court erred in denying the suppression of evidence obtained from the application of Tenn. Code Ann. § 55-9-202?"

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the foregoing certified questions are incorporated into the judgment sheet as if incorporated on the actual judgment sheet itself.

Because the defendant "entered into a negotiated plea agreement with an agreed sentence, the *only* avenue available to him to properly reserve a certified question of law for appeal was pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A)(i) through (iv). Subsection (iv) requires that both the trial court *and* the State agree that the certified question is dispositive of the case." State v. Lands, 377 S.W.3d 678, 684 (Tenn. Crim. App. 2012). The order here fails to state that the certified questions were expressly reserved with the consent of the trial court and the State or that the trial court and the State were in agreement that the questions of law were dispositive. The order was also not signed by the State. Thus, although the transcript of the guilty plea hearing shows that the prosecutor appeared, by remaining silent, to acquiesce to the reservation of the certified questions of law, the defendant has not met his burden of complying with the explicit and unambiguous requirements of Rule 37. Accordingly, we conclude that we are without jurisdiction to

review the questions of law and that we must dismiss the appeal.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we conclude that we are without jurisdiction in this matter and therefore dismiss this appeal.

_____
ALAN E. GLENN, JUDGE